## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE WOODS APARTMENTS, LLC, MICHAEL BLANKENBAKER, and PROFESSIONAL PROPERTY MANAGERS, LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES FIRE INSURANCE CO., and CRUM & FORSTER, a Fairfax Company )<br><br>Defendants. ) | Court No.: 3:11-cv-41-JBC<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (Diversity Jurisdiction)**<br><br>JEFFERSON CIRCUIT COURT CASE NO. 10 CI 06415 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, UNITED STATES FIRE INSURANCE COMPANY ("U.S. Fire"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the state court action described below:

1.     On or about September 13, 2010, Plaintiffs The Woods Apartments, LLC ("The Woods"), Michael Blankenbaker ("Blankenbaker") and and Professional Property Managers, LLC ("PPM") (collectively, "Plaintiffs") filed an action in the Circuit Court of Jefferson County, Kentucky, under Case No. 10 CI 06415 against Defendants U.S. Fire and Crum & Forster, a Fairfax Company ("Crum & Forster"). On January 5, 2011, U.S. Fire accepted service of process in that action. U.S. Fire has now filed a Notice of Filing Notice of Removal in the Circuit Court of Jefferson County, Kentucky. Pursuant to 28 U.S.C. § 1446 (a) a copy of all process, pleadings and orders provided to U.S. Fire are attached as Exhibit A.

2.     On January 5, 2011, U.S. Fire accepted service of the summons and Complaint.

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days after U.S. Fire was served with the Complaint.

4.      This action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332 (a), and is one which may be removed to this Court by U.S. Fire pursuant to the provisions of 28 U.S.C. § 1441 (a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff The Woods was and is a Kentucky limited liability company with its principal place of business in the State of Kentucky and all members of The Woods were and are citizens of the state of Kentucky.

6.      At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Blankenbaker was and is a citizen of the State of Kentucky, domiciled in Kentucky.

7.      At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff PPM was and is a Kentucky limited liability company with its principal place of business in the State of Kentucky and all members of PPM were and are citizens of the state of Kentucky.

8.      At the time the Complaint was filed, and at all times subsequent thereto, Defendant U.S. Fire was and is a Delaware corporation with its principal place of business in the State of New Jersey.

9.      "Crum & Forster, a Fairfax Company" identified in Plaintiffs' Complaint does not exist as an entity or in any fashion.  U.S. Fire is owned by Crum & Forster Holdings Inc., which in turn is owned by Crum & Forster Holdings Corporation.  Crum & Forster Holdings Corporation is owned by FFHL Group Ltd. and FFHL Group Ltd., is owned by Fairfax Financial Holdings Limited.  U.S. Fire issued the policy of insurance in dispute with Plaintiffs. Crum & Forster Holdings Inc., Crum & Forster Holdings Corporation, FFHL Group Ltd., and

Fairfax Financial Holdings Limited do not issue insurance policies and are not parties to the policy of insurance issued by U.S. Fire and in dispute in this matter.

10. The matter in controversy exceeds $75,000.00. Plaintiffs' claim to U.S. Fire exceeds $500,000.00 and Plaintiffs also seek additional compensatory and punitive damages.

11. Therefore, U.S. Fire files this Notice of Removal of this action from the Circuit Court of Jefferson County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of this Notice of Removal will be filed in the appropriate State Court as required by 28 U.S.C. § 1446 (d). (Exhibit B, Affidavit of Filing). By filing this Notice of Removal, U.S. Fire does not waive any defense which may be available to it.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a), based on diversity jurisdiction, such that removal to this Court is proper pursuant to 28 U.S.C. § 1441 (a).

Respectfully submitted,

/s/

William S. Wetterer III
Wetterer & Clare
2933 Bowman Avenue
Louisville, Kentucky 40205
Phone:          (502) 451-3030
Fax:            (502) 451-4516
E-Mail:         Bill@WettererClare.com

Michael L. Foran (pro hac vice pending)
Michael A. Kuiken (pro hac vice pending)
Foran Glennon Palandech Ponzi & Rudloff
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel:        (312) 863-5000
Fax:        (312) 863-5099
E-Mail:     mforan@fgppr.com
            mkuiken@fgppr.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE CO.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed, postage prepaid, this 24th day of ~~November, 2010~~ to:
JANUARY, 2011

Mr. Eric M. Lamb
Lamb & Lamb PSC
P.O. Box 34275
Louisville, KY  40232-4275
eric@lambandlamb.com


_____
William S. Wetterer

NO. 10-CI-06415                             JEFFERSON CIRCUIT COURT
                                                      DIVISION FIVE (5)

THE WOODS APARTMENTS, LLC
% Research Properties, Inc.
P.O. Box 6661
Louisville, KY 40206

And

MICHAEL BLANKENBAKER
% Research Properties, Inc.
P.O. Box 6661
Louisville, KY 40206

And

PROFESSIONAL PROPERTY MANAGERS, LLC
P.O. Box 6245
Elizabethtown, KY 42702                                        PLAINTIFFS

VS.                       **AMENDED COMPLAINT**

UNITED STATES FIRE INSURANCE CO.
305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973

SERVE:     Secretary of State
               Frankfort, KY 40601

And

CRUM & FORSTER, A FAIRFAX COMPANY
% United States Fire Insurance Co.
305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973

SERVE:     Secretary of State
               Frankfort, KY 40601                               DEFENDANTS

* * * * *

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2011 JAN -3 P 4: 10

CLERK 5

BY_____D.C.

Plaintiffs The Woods Apartments, LLC; Michael Blankenbaker and Professional Property Managers, LLC, by counsel, for their cause of action against defendants, United States Fire Insurance Co. and Crum & Forster, A Fairfax Company state as follows:

1.     Plaintiff The Woods Apartments, LLC ("The Woods Apartments") is a Kentucky LLC which does business in Louisville, Jefferson County, Kentucky and owns apartments in Clark County, Indiana.

2.     Plaintiff Michael Blankenbaker, is an individual who is a member and manager of plaintiff The Woods Apartments and who resides in and does business in Louisville, Jefferson County, Kentucky.  Michael Blankenbaker, as a member and manager of The Woods Apartments is authorized to file this action on behalf of The Woods Apartments.

3.     Professional Property Managers, LLC ("PPM") is a Kentucky LLC which does business in Jefferson County, Kentucky and Hardin County, Kentucky at P.O. Box 6245, Elizabethtown, KY 42702.  PPM is the entity to which the policy of insurance for the other plaintiffs has been issued by defendants for the period on and after 09/13/08.

4.     Defendant United States Fire Insurance Co. (hereinafter referred to as "U.S. Fire") is an insurance company which at all times pertinent hereto did business in Louisville, Jefferson County, Kentucky and which at all times pertinent hereto provided casualty insurance to plaintiffs for the property of plaintiffs at said address indicated above.

5.     Defendant Crum & Forster, A Fairfax Company is an insurance company which at all times pertinent hereto did business in Louisville, Jefferson County, Kentucky.

**COUNT I**

6.     On or about 08/16/07, property of plaintiffs insured by defendants pursuant to the said insurance policy sold by defendants to plaintiffs in Kentucky was damaged by a hailstorm.

7.     Subsequent thereto, plaintiffs requested reimbursement for their damages caused and brought about by the hailstorm pursuant to the policy. Defendants made only partial reimbursement to plaintiffs for their losses. Requests for additional reimbursement were denied by defendants based on representations by defendants that there was not sufficient damage as to invoke further coverage.

8.     In reasonable reliance on the said representations of defendants regarding the lack of sufficient damage to support further claims from the hailstorm, plaintiffs delayed in making further claims for reimbursement therefore.

9.     On or about the 09/13-14/08, Hurricane Ike caused further damage to the property of plaintiffs at The Woods Apartments.

10.     Plaintiffs requested reimbursement from defendants for the damage caused by Hurricane Ike.

11.     Defendants have made some reimbursement to plaintiffs for their damages as a result of Hurricane Ike, but have not made full reimbursement.

12.     Defendants represented in response to the requests of plaintiffs for reimbursement for the damages caused by Hurricane Ike that the damage to plaintiffs' property at The Woods Apartments prior thereto was substantial and has

indicated that the prior damage was a basis for denying claims for further reimbursement for the damage caused by Hurricane Ike. These representations of defendants regarding prior damage were inconsistent with the representations of defendants regarding prior damage following the hailstorm. The delay induced by defendants in plaintiffs pursuing claims for the hailstorm contributes to confusion now claimed by defendants as to what damages to the structures at The Woods Apartments were caused by Hurricane Ike and what damages pre-existed Hurricane Ike.

13.     In response to inquiries from plaintiffs, defendants represented that they would reconsider the claim regarding the hailstorm and implied that defendants would continue to consider such claims without imposing any deadlines, which claims were to be considered together with the damages resulting from Hurricane Ike.

14.     In reasonable reliance on said representation, plaintiffs delayed pursing further claims for the hailstorm until after the two year anniversary thereof. Defendants subsequently took the position that because the policy contains a provision which defendants now interpret to require that suit be filed within two years of 08/16/07 for reimbursement for damages caused by the hailstorm, which provision defendants contend precludes plaintiffs from reimbursement on any other claims from the hailstorm.

15.     Plaintiffs are entitled to reimbursement from defendants in an amount in excess of the jurisdictional amount for filing suit in this Court. Pursuant to CR 8.01, plaintiffs do not state the exact amount of damages they are entitled to

recover.  Plaintiff seeks judgment against defendants in an amount which is fair and reasonable as the Court and Jury may determine.

## COUNT II

16.    All allegations of paragraphs 1-15 above are incorporated herein as if fully set out.

17.    Defendants are estopped from denying that there was sufficient damage prior to Hurricane Ike so as to entitle plaintiff to reimbursement for the damages from the hailstorm and are estopped from enforcing any otherwise enforceable provisions in the policy which otherwise would have required plaintiff to file suit within two years of the hailstorm as a condition to obtaining further reimbursement for damages caused by the hailstorm.

## COUNT III

18.    All allegations of paragraphs 1-17 above are incorporated herein as if fully set out.

19.    Defendants have contended that plaintiffs are not entitled to further reimbursement under the policy on grounds which are not valid including without limitation claims of defendants that the loss arises from preexisting conditions which are not covered by the policy.

20.    The insurance policy contains a provision known as an Appraisal Clause (attached hereto as exhibit 1) which permits plaintiffs to appoint an appraiser and upon notice of the triggering thereof to require defendants to appoint an appraiser.  The two appraisers are then to attempt to agree upon an Umpire and if they do not, the court is to appoint an Umpire upon a petition being filed seeking such appointment.

21.     On 12/17/10, the insured plaintiffs sent correspondence (attached hereto as exhibit 2) triggering the appraisal clause, designating an appraiser and offering if necessary to obtain an appraisal by designating an alternative appraiser. Prior thereto, plaintiffs had previously triggered the appraisal clause. Defendants have not responded to the triggering of the appraisal clause. Upon information and belief, defendants will dispute that the insured plaintiffs had the right to trigger the appraisal clause.

22.     Pursuant to KRS 418.040, a genuine and actual controversy exists between the parties and plaintiffs are entitled to have a declaration of rights, in addition to the other relief that plaintiffs seek herein. Plaintiffs request that the Court make a binding declaration of rights to the parties under the policy.

## COUNT IV

23.     All allegations of paragraphs 1-22 above are incorporated herein as if fully set out.

24.     Plaintiffs are entitled to injunctive relief, both preliminarily (pendente lite) and permanently, for the purpose of having an Umpire appointed. If such injunctive relief is not granted, plaintiffs will suffer irreparable harm as they will be required to proceed with litigation and incur expenses for which they have no adequate remedy at law and as the alternative dispute resolution which is the very purpose of the appraisal clause would be unavailable.

## COUNT V

25.     All allegations of paragraphs 1-24 above are incorporated herein as if fully set out.

26.     Defendants knew or should have known pursuant to the terms of the insurance policy that it was obligated to make reimbursement for the full loss to plaintiffs pursuant to the terms of the policy.   Defendants have failed to pay plaintiffs the full amount due to it.

27.     Defendants have misrepresented insurance policy provisions relating to coverages at issue; refused to pay the claim without conducting a reasonable investigation based on all available information; failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim in which the liability was reasonably clear; put plaintiffs in the position of having to institute litigation to recover an amount due under an insurance policy by offering substantially less than the amount which ultimately recovered in the action against the insurance company; attempted to settle the claims for less than the amount which a reasonable man would have believed he was entitled to settle the claim for less than the amount which a reasonable man would have believed he was entitled based on advertising materials and the application process and failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation with facts and law for an offer of this compromise settlement.

28.     The conduct of defendants as alleged above violates the Kentucky Unfair Settlement Claims Practices Act, KRS 304.12-230 (1), (4), (6), (7), (8) and (14).

29.     The amount that plaintiffs are entitled to recover against defendants pursuant to each of the counts alleged herein is in excess of the jurisdictional amount for filing suit in this Court.   Pursuant to CR 8, the exact amount of damages owed by defendants to plaintiffs is not stated herein.

30.    Plaintiffs are entitled to judgment against defendants for their violations of the Unfair Claims Settlement Practices Act to an amount in excess of the jurisdictional amount, the damages to include the amount which was due to plaintiffs under the policy, punitive damages, other costs and attorney fees pursuant to KRS 304.12-235 (3).

### COUNT VI

31.    All allegations of paragraphs 1-30 above are incorporated herein as if fully set out.

32.    Defendants have acted recklessly and without a reasonable basis for the denial of the claims of defendants.  The conduct of defendants constitutes Bad Faith.

33.    Plaintiffs are entitled to recover damages against defendants for Bad Faith in an amount in excess of the jurisdictional amount for filing suit in this Court. Pursuant to CR 8.01, plaintiffs do not state a specific amount of damages owed to them by defendants for Bad Faith.  Plaintiffs seek an amount for Bad Faith of defendants which is fair and reasonable as determined by the Court and Jury.

34.    All allegations of every Count above are incorporated into every other Count herein as if fully set out.

WHEREFORE, plaintiffs demand judgment as follows:

1.    That plaintiffs recover judgment against defendants for compensatory damages in such an amount that the Court or Jury shall determine is fair and reasonable.

2.    That the Court declare the rights of the parties pursuant to the declaratory judgment statute and CR 57.

3.      That the Court grant plaintiffs injunctive relief both preliminarily and permanently requiring that an Umpire be appointed and that defendants cooperate with the implementation of the appraisal clause in the insurance contract.

4.      Their costs herein expended and any and all other relief to which they may be entitled including trial by jury of all issues so triable.


Respectfully submitted,


ERIC M. LAMB
LAMB & LAMB, PSC
P.O. Box 34275
Louisville, KY  40232-4275
Email:  eric@lambandlamb.com
Phone:  (502) 451-6881, ext. 11

L:\Eric Lamb\Eric Lamb Client Info Sheets 1\Blankenbaker, Mike\Pleadings\Amended Complaint.doc

9

Example No. 1:

(This example assumes there is no coinsurance penalty.)

| | |
|---|---|
| Deductible: | $ 250 |
| Limit of Insurance – Bldg. 1: | $ 60,000 |
| Limit of Insurance – Bldg. 2: | $ 80,000 |
| Loss to Bldg. 1: | $ 60,100 |
| Loss to Bldg. 2: | $ 90,000 |

The amount of loss to Bldg. 1 ($60,100) is less than the sum ($60,250) of the Limit of Insurance applicable to Bldg. 1 plus the Deductible.

The Deductible will be subtracted from the amount of loss in calculating the loss payable for Bldg. 1:

$ 60,100
– 250
$ 59,850 Loss Payable – Bldg. 1

The Deductible applies once per occurrence and therefore is not subtracted in determining the amount of loss payable for Bldg. 2. Loss payable for Bldg. 2 is the Limit of Insurance of $80,000.

Total amount of loss payable: $59,850 + 80,000 = $139,850

Example No. 2:

(This example, too, assumes there is no coinsurance penalty.)

The Deductible and Limits of Insurance are the same as those in Example No. 1.

Loss to Bldg. 1: $ 70,000
(exceeds Limit of Insurance plus Deductible)

Loss to Bldg. 2: $ 90,000
(exceeds Limit of Insurance plus Deductible)

Loss Payable – Bldg. 1: $60,000
(Limit of Insurance)

Loss Payable – Bldg. 2: $80,000
(Limit of Insurance)

Total amount of loss payable:
$140,000

E. Loss Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

1. Abandonment

There can be no abandonment of any property to us.

(2) Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

3. Duties In The Event Of Loss Or Damage

a. You must see that the following are done in the event of loss or damage to Covered Property:

(1) Notify the police if a law may have been broken.

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.



# LAMB & LAMB, PSC
## Attorneys and Counselors
P.O. Box 34275
Louisville, KY 40232-4275
(502) 451-6881
Facsimile: (502) 451-6892

ERIC M. LAMB
eric@lambandlamb.com
Admitted in Kentucky & District of Columbia

DOUGLAS M. LAMB
doug@lambandlamb.com
Admitted in Kentucky & Indiana

GEORGE S. LAMB
george@lambandlamb.com
Admitted in Kentucky & Ohio

Street Address
Please Send Mail to P.O. Box
4310 Robards Lane
Louisville, KY  40218

**VIA EMAIL & MAIL**

December 17, 2010

Michael L. Foran
222 North LaSalle Street
Suite 1400
Chicago, IL  60601

Re:  Mike Blankenbaker
      Claim No: BDU00376870
      Claim No: BDU00418120

Dear Mr. Foran:

The insured hereby renews the triggering of the appraisal clause. Richard Michelson is hereby designated the appraiser for the insured.  At the very least there can and should be an appraisal regarding the wind claim.

If Richard Michelson is not satisfactory to you as an independent appraiser and you will agree to proceed with appraisal, the insured will propose an alterative appraiser.  In the event that you will not agree to an appraisal, the insured reserves the right to ask the Court to allow Richard Michelson to serve as the appraiser.

Pursuant to the contract, please advise me within an appropriate and reasonable time who is the appraiser for the insurance company.

I note that the insured is still willing to mediate but is discouraged by our last conversation.

With the insured having exercised an option for appraisal, you are requested to consider extending the tolling agreement beyond 12/31/10.

If you have any other suggestions as to an amicable resolution to this matter, please contact me and let me know what those suggestions are.

Sincerely,

Eric M. Lamb

EML/aeb
L:\Eric Lamb\Eric Lamb Client Info Sheets 1\Blankenbaker, Mike\Letters\Ltr to Michael Foran9.doc

cc:  Richard Michelson (via email)
      Mike Blankenbaker (via email)

E7-2

## Eric Lamb

| | |
|---|---|
| From: | Eric Lamb [eric@lambandlamb.com] |
| Sent: | Friday, December 17, 2010 3:02 PM |
| To: | 'mforan@fgpp.com' |
| Cc: | 'mrb@mybestapt.com'; 'Richard Michelson, CIC, CRM' |
| Subject: | THE WOODS |
| Attachments: | Ltr to Michael Foran9.doc |

ERIC M. LAMB
LAMB & LAMB, PSC
P.O. Box 34275
Louisville, KY 40232-4275
Phone: (502) 451-6881
Fax: (502) 451-6892
Cell: (502) 802-7474

1

NO. **10CI06415**

JEFFERSON CIRCUIT COURT
DIVISION_____
JUDGE_____

THE WOODS APARTMENTS, LLC
% Research Properties, Inc.
P.O. Box 6661
Louisville, KY 40206

F I L E D

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

And

2010 SEP 13  P 1:05

JEFFERSON CIRCUIT
CLERK 13

MICHAEL BLANKENBAKER
% Research Properties, Inc.
P.O. Box 6661
Louisville, KY 40206

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

And

PROFESSIONAL PROPERTY MANAGERS, LLC
PROFESSIONAL PROPERTY MANAGERS, LLC #2
P.O. Box 6245
Elizabethtown, KY 42702

PLAINTIFFS

VS.              **COMPLAINT**

UNITED STATES FIRE INSURANCE CO.
305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973

SERVE:    Secretary of State
          Frankfort, KY 40601

And

CRUM & FORSTER, A FAIRFAX COMPANY
% United States Fire Insurance Co.
305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973

SERVE:    Secretary of State
          Frankfort, KY 40601

DEFENDANTS

* * * * *

Plaintiffs, The Woods Apartments, LLC; Michael Blankenbaker and Professional Property Managers, LLC #2, by counsel, for their cause of action against defendants, United States Fire Insurance Co. and Crum & Forster, A Fairfax Company state as follows:

1.     Plaintiff The Woods Apartments, LLC is a Kentucky LLC which does business in Louisville, Jefferson County, Kentucky and owns apartments in Clark County, Indiana.

2.     Plaintiff Michael Blankenbaker, is an individual who is a member and manager of plaintiff The Woods Apartment, LLC and who resides in and does business in Louisville, Jefferson County, Kentucky. Michael Blankenber, on behalf of The Woods Apartments, LLC, has been authorized by Michael Blankenbaker, as its manager and by its members to file this action.

3.     Professional Property Managers, LLC and Professional Property Managers, LLC #2 are Kentucky LLCs which do business in Jefferson County, Kentucky and Hardin County, Kentucky at P.O. Box 6245, Elizabethtown, KY 42702 to which the policy of insurance for the other plaintiffs has been issued by defendants for the period on and after 09/13/08.

4.     Defendant United States Fire Insurance Co. (hereinafter referred to as "U.S. Fire") is an insurance company which at all times pertinent hereto did business in Louisville, Jefferson County, Kentucky and which at all times pertinent hereto provided casualty insurance to plaintiffs for the property of plaintiffs at said address indicated above.

5.     Defendant Crum & Forster, A Fairfax Company is an insurance company which at all times pertinent hereto did business in Louisville, Jefferson County, Kentucky.

## COUNT I

6.     On or about 08/16/07, property of plaintiffs insured by defendants pursuant to the said insurance policy sold to plaintiffs in Kentucky was damaged by a hailstorm. The damage included damage to the roofs of apartments, townhouses and an office building.

7.     Subsequent thereto, plaintiffs requested reimbursement for their damages including the damage to the roof from defendants, which request was denied by defendants on the grounds that there was not sufficient damage as to invoke coverage. Defendants made only partial reimbursement to plaintiffs for their losses. Requests for additional reimbursement was denied by defendants on the grounds that there was not sufficient damage as to invoke coverage.

8.     Defendants specifically represented that there were not sufficient damage ("hits per square") from the hailstorm as to warrant replacement of the roofs or any further reimbursement to plaintiffs.

9.     In reasonable reliance on the representations of defendants, plaintiffs delayed pursuing a claim for reimbursement for their damages from the said hailstorm of 08/16/07.

10.     On or about the 09/13-14/08, Hurricane Ike caused further damage to the property of plaintiffs at The Woods Apartments in Jeffersonville, Indiana including amongst other things damage to the roof.

3

11.    Plaintiffs requested reimbursement from defendants for the damage from Hurricane Ike including without limitation damage to the roofs.

12.    Because of a combination of the damage caused by the hailstorm and Hurricane Ike, plaintiffs are entitled to reimbursement for replacement of their roofs.

13.    Defendants have made some reimbursement to plaintiffs for their damages as a result of Hurricane Ike, but have not made full reimbursement.

14.    Defendants represented in response to the requests of plaintiffs for reimbursement for the damages caused by Hurricane Ike that damage to plaintiffs' property prior thereto was substantial and have indicated as grounds for denying reimbursement for the damage from Hurricane Ike that some of the damage in fact came from the hailstorm of 08/16/07.

15.    Defendants owe plaintiffs additional reimbursement for said casualty losses in an amount in excess of the jurisdictional amount for filing suit in this Court. Pursuant to CR 8.01, plaintiffs do not state the exact amount of damages they are entitled to recover. Plaintiffs seek judgment against defendants in an amount which is fair and reasonable as the Court and Jury may determine.

16.    This complaint has been filed to meet potential statute of limitations deadlines. For that reason, this complaint may need to be amended.

## COUNT II

17.    All allegations of paragraphs 1-16 above are incorporated herein as if fully set out.

18.    Defendants have contended that plaintiffs are not entitled to further reimbursement under the policy on grounds which are not valid including without

limitation claims of defendants that the loss arises from preexisting conditions which are not covered by the policy.

19.     Pursuant to KRS 418.040, a genuine and actual controversy exists between the parties and plaintiffs desire to have a declaration of rights, together with the other relief that plaintiffs seek herein.   Plaintiffs request that the Court make a binding declaration of rights to the parties under the policy.

## COUNT III

20.     All allegations of paragraphs 1-19 above are incorporated herein as if fully set out.

21.     All allegations of every Count above are incorporated into every other Count herein as if fully set out.

22.     Defendants knew or should have known pursuant to the terms of the insurance policy that it was obligated to make reimbursement for the full loss to plaintiffs pursuant to the terms of the policy.   Defendants have failed to pay plaintiffs the full amount due to it.

23.     Defendants have misrepresented insurance policy provisions relating to coverages at issue; refused to pay the claim without conducting a reasonable investigation based on all available information; failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim in which the liability was reasonably clear; put plaintiffs in the position of having to institute litigation to recover an amount due under an insurance policy by offering substantially less than the amount which ultimately recovered in the action against the insurance company; attempted to settle the claims for less than the amount which a reasonable man would have believed he was entitled to settle the claim for less than

the amount which a reasonable man would have believed he was entitled based on advertising materials and the application process; and failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation with facts and law for an offer of this compromise settlement.

24.     The conduct of defendants as alleged above violates the Kentucky Unfair Settlement Claims Practices Act, KRS 304.12-230 (1), (4), (6), (7), (8) and (14).

25.     The amount that plaintiffs are entitled to recover against defendants pursuant to each of the counts alleged herein is in excess of the jurisdictional amount for filing suit in this Court.  Pursuant to CR 8, the exact amount of damages owed by defendants to plaintiffs are not stated herein.

26.     Plaintiffs are entitled to judgment against defendants for the Unfair Claims Settlement Practices Act to an amount in excess of the jurisdictional amount, the damages to include the amount which was due to plaintiffs under the policy, punitive damages, other costs and attorney fees pursuant to KRS 304.12-235 (3).

## COUNT IV

27.     All allegations of paragraphs 1-26 above are incorporated herein as if fully set out.

28.     Defendants have acted recklessly and without a reasonable basis for the denial of the claims of defendants.  The conduct of defendants constitutes Bad Faith.

29.     Plaintiffs are entitled to recover damages against defendants for Bad Faith in an amount in excess of the jurisdictional amount for filing suit in this Court. Pursuant to CR 8.01, plaintiffs do not state a specific amount of damages owed to

them by defendants for Bad Faith.   Plaintiffs seek an amount for Bad Faith of defendants which is fair and reasonable as determined by the Court and Jury.

30.     All allegations of every Count above are incorporated into every other Count herein as if fully set out.

WHEREFORE, plaintiffs demand judgment as follows:

1.     That plaintiffs recover judgment against defendants for compensatory damages in such an amount that the Court or Jury shall determine is fair and reasonable.

2.     That the Court declare the rights of the parties pursuant to the declaratory judgment statute and CR 57.

3.     Their costs herein expended and any and all other relief to which they may be entitled including trial by jury of all issues so triable.

Respectfully submitted,

ERIC M. LAMB
LAMB & LAMB, PSC
P.O. Box 34275
Louisville, KY  40232-4275
Email:  eric@lambandlamb.com
Phone:  (502) 451-6881, ext. 11

L:\Eric Lamb\Eric Lamb Client Info Sheets 1\Blankenbaker, Mike\Pleadings\Complaint.doc