UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 11-41-C

THE WOODS APARTMENTS, LLC, ET AL.,                                PLAINTIFFS,

V.            MEMORANDUM OPINION AND ORDER

UNITED STATES FIRE INSURANCE CO., ET AL.,                         DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon motions for partial summary judgment by the plaintiffs (R. 26) and by United States Fire Insurance Co. (R. 23) on the issue of whether the plaintiffs' claim for reimbursement for damages caused by a 2007 hailstorm is time-barred by the suit limitation provision of the insurance policy issued by United States Fire Insurance Co. ("USFIC"). For reasons explained below, the plaintiffs' motion will be denied and USFIC's motion will be granted.

This action involves two separate insurance claims arising out of two separate losses under two separate USFIC policies, but the motions for partial summary judgment concern only the claim related to a 2007 hailstorm. According to the plaintiffs' complaint, The Woods Apartments in Jeffersonville, Indiana, were damaged by a hailstorm on August 16, 2007. The plaintiffs filed a claim with USFIC, which sent an independent adjuster to inspect the apartments. The adjuster

1

concluded that there was no hail damage to the property and, in a letter dated August 29, 2007, informed the plaintiffs that the claim file was being closed per USFIC's instructions.

The following year the apartment building incurred additional damage in a storm produced by the remnants of Hurricane Ike. The plaintiffs filed a new insurance claim and also asked that USFIC re-open their 2007 claim file and re-inspect the property for hail damage. USFIC sent an engineering firm to inspect the property and, in a letter dated February 3, 2009, reiterated its denial of the plaintiffs' claim for damages from the 2007 hailstorm. The letter also stated that "U.S. Fire will continue to insist upon compliance with all of the provisions of the insurance policy, including the time for filing suit against it in connection with this claim, waiving none."

In October 2009, the plaintiffs' insurance broker contacted USFIC to ask that it again reconsider the 2007 hail damage claim. The following month, USFIC again reiterated the company's denial of the claim and stated that the plaintiffs' time to file suit based on any the hailstorm damage had expired. USFIC and the plaintiffs entered into a tolling agreement on August 24, 2010 and the plaintiffs filed this lawsuit on September 13, 2010. Both events occurred more than three years after the 2007 hailstorm.

The USFIC policy states that "[n]o one may bring a legal action against [USFIC] under this Coverage Part unless . . . [t]he action is brought within 2 years

2

after the date on which the direct physical loss or damage occurred."  USFIC contends that this provision bars legal action connected to the hailstorm claim.

Generally, under Kentucky law, clear and unambiguous insurance policy provisions must be enforced as written.  See *Kemper Nat. Ins. Companies v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 874 (Ky. 2002).  Contract provisions limiting the time within which an insured may sue are also generally valid under Kentucky law.  *Smith v. Allstate Ins. Co.*, 403 f.3d 401, 404 (6th Cir. 2005).

The plaintiffs proffer two reasons that the two-year lawsuit limitation provision in the policy should not be enforced.  First, they cite the principle that estoppel applies to bar enforcement of a suit limitation defense when an insurer lulls the insured into believing that a claim will be paid without having to file suit.  See *Smith v. Allstate,* 403 F.3d at 407.  But the operative facts of this case do not include any action on the part of USFIC that could have led the plaintiffs to reasonably believe that their claim would ever be paid without having to file suit.  Therefore, this theory fails.

Second, the plaintiffs claim that USFIC violated Kentucky Insurance Regulation 806 KAR 12:095 §6(4), which states:

> "Insurers shall not continue negotiations for settlement of a claim directly with a first party claimant who is not legally represented if the first party claimant's rights may be affected by a statute of limitations or a time limit in a policy, certificate, or contract, unless the

3

      insurer has given the first party claimant written notice of the limitation."

The plaintiffs allege that USFIC continued negotiations with plaintiff Mike Blankenbaker, who had no legal representation, without providing adequate written notice of the applicable suit limitation provision in the policy.  USFIC contends that there were no negotiations for settlement -- or communications of any kind -- between the insurance company and the plaintiffs from February 3, 2009, until October 24, 2009.  USFIC further claims that even if there had been communication, the company provided written notice of the time limitation provision in its February 3, 2009, letter to the plaintiffs.

      In his affidavit in support of the plaintiffs' motion, Mike Blankenbaker alludes to communications that he had with USFIC representatives between February 3 and October 24, 2009.  But he provides no evidence that any communication constituted negotiation for settlement.  USFIC's position that there was no damage to the apartment building in the 2007 hailstorm was consistent throughout the entire claims process.  Therefore it could not have participated in continuing negotiations for settlement within the context of 806 KAR 12:095 § 6(4).  Accordingly,

      **IT IS ORDERED** that USFIC's motion for partial summary judgment (R. 23) is **GRANTED** and the plaintiffs' motion for partial summary judgment (R. 26) is **DENIED**.

Signed on February 7, 2012

Jennifer B. Coffman, Judge
United States District Court

5