# EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE WOODS APARTMENTS, LLC, MICHAEL BLANKENBAKER, and PROFESSIONAL PROPERTY MANAGERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FIRE INSURANCE CO., and CRUM & FORSTER, a Fairfax Company <br><br> Defendants. | Court No.: 3:11-cv-00041-JBC |

## AFFIDAVIT OF MICHAEL L. FORAN

I, Michael L. Foran, being duly sworn, do hereby depose and say:

1. I am over the age of eighteen, understand the meaning and obligation of an oath, and am competent to testify to the matters set forth in this affidavit if called upon to do so.

2. I am an attorney with the law firm of Foran Glennon Palandech Ponzi & Rudloff PC, counsel for defendant, United States Fire Insurance Company ("U.S. Fire"), in this action.

3. Pursuant to the Court's May 30, 2012 order (Docket #51), U.S. Fire appointed Lorey M. Caldwell to act as a competent and impartial appraiser in this matter. Additionally, counsel for U.S. Fire also contacted Plaintiffs' attorney Eric Lamb to prepare the new joint scheduling plan also required by the Court's May 30, 2012 order.

4. Plaintiffs' attorney asked for information regarding Mr. Caldwell's background and potential bias because U.S. Fire had successfully challenged Plaintiffs' ability to appoint Richard Michelson as Plaintiffs' appraiser. Pursuant to inquiries from Mr. Lamb, Mr. Caldwell confirmed that he had not previously been retained by U.S. Fire, had not previously been

retained by a party that had also employed Donan Engineering and had never been an employee of either U.S. Fire or Donan Engineering. True and correct copies of E-Mails regarding the joint scheduling plan and Mr. Caldwell's lack of prior relationships with U.S. Fire and Donan Engineering are attached as Exhibit A to this affidavit.

5. On June 29, 2012, the parties submitted their Joint Scheduling Proposal, Docket #52. On July 6, 2012 the Court entered an order accepting the Joint Scheduling Proposal and ordering the parties to comply with that schedule, Docket Nos. 54 and 54.1. The scheduling order required the Parties to provide existing informational materials to the appraisers and provide courtesy copies of such materials to opposing counsel by July 24, 2012. Additionally, the scheduling order established a September 14, 2012 deadline for the appraisers to provide additional materials to each other and to meet and jointly inspect the property.

6. On September 6, 2012, Mr. Caldwell forwarded me an e-mail he had received from Plaintiffs' appraiser, Richard Moore. The e-mail had been sent to Mr. Moore by Plaintiffs' attorney, Eric Lamb; Moore had forwarded the e-mail on to Mr. Caldwell. In his e-mail, Mr. Lamb told Richard Moore that Plaintiff Michael Blankenbaker did not want to pay for roofers and ladder trucks needed to conduct the joint inspection agreed upon by Mr. Moore and Mr. Caldwell. Mr. Lamb also told Mr. Moore that Blankenbaker did not want to pay anyone to be at The Woods for three days with Mr. Caldwell.

7. I was out of the office at a meeting on September 6, 2012. At 10:54 a.m. (EDT) on September 6, 2012 I received a voicemail from Mr. Lamb. Mid-afternoon on September 6, 2012, I left a voicemail message for Mr. Lamb and told him I would follow up with an e-mail. I sent an e-mail to Mr. Lamb at 3:08 p.m. (EDT) on September 6, 2012. At 3:12 p.m. (EDT), Mr. Lamb replied by e-mail, stating that he would call me. At 8:28 p.m. (EDT), Mr. Lamb called my

office and left a message on my voicemail. A true and correct copy of my e-mail to Mr. Lamb and his response are attached hereto as Exhibit B to this affidavit.

8. Because Mr. Lamb's statements in the voicemail messages he left me on September 6, 2012 indicated Plaintiffs were going to try to direct and control the activities of the appraiser they appointed, Richard Moore, I sent Mr. Lamb a letter on September 7, 2012. A true and correct copy of the letter is attached to this affidavit as Exhibit C; Exhibit C contains true and accurate transcriptions of the September 6, 2012 messages left on my voicemail by Mr. Lamb.

9. On September 10, 2012, I spoke with attorney Eric Lamb by phone to confirm that the joint inspection by the two appraisers would be going forward the following day. We agreed that the joint inspection would proceed the following day. We also agreed that we would approach the court about the appraisers' request to extend the September 28, 2012 deadline for their submission of valuations to each other, to October 12, 2012.

10. I was out of the office and traveling on September 10, 2012, later in the day I listened to a voicemail received from Mr. Caldwell on my cell phone. Mr. Caldwell told me that while Mr. Moore confirmed the joint inspection would proceed, Mr. Moore would not be permitted to discuss the extent of the damage to The Woods, but would only be gathering information for negotiations at a later date. As a result of this message I sent an e-mail to Mr. Lamb, asking him to withdraw his instructions to Mr. Moore and allow the joint inspection and appraisal to proceed without interference by the parties. I received four responses and a voicemail from Mr. Lamb in response to this e-mail. The following morning, I sent an e-mail to Mr. Lamb, reiterating our agreement regarding the joint inspection and appraisers' request

regarding the court's scheduling order. True and correct copies of the e-mails referenced herein to Mr. Lamb and his responses are attached hereto as Exhibit D.

11. Subsequent to the e-mails exchanged and a part of Exhibit D to this affidavit, I received another e-mail from Mr. Lamb. The e-mail against indicates that Mr. Lamb and Plaintiffs want to control the details of the appraisal and will not even acknowledge that the Court ordered a joint inspection of the property by the two appraisers. A true and correct copy of this e-mail is attached as Exhibit E to this Affidavit.

12. On September 12, 2012, I received a voicemail from Mr. Caldwell at 8:53 a.m. (EDT) asking me to call him on his cell phone as soon as possible. I called Mr. Caldwell and he advised me that the inspection had now shifted to the roofs at The Woods and that Michelson and Mayor were insisting on accompanying Moore and Caldwell on the joint inspection of the roofs. I contacted Mr. Lamb who told me he had not instructed Mayor or Michelson to accompany the appraisers on the joint inspection. Mr. Lamb also told me he would contact Mayor or Michelson to resolve the issue. I called Mr. Caldwell and related my conversation with Mr. Lamb to him. Shortly thereafter, I received another phone call from Mr. Caldwell who advised me that Mr. Mayor was insisting on accompanying he and Richard Moore on the joint inspection and that Mayor was leading Moore around one of the roofs and pointing to various portions of the roof. As a result, I sent an e-mail to Mr. Lamb regarding these continuing attempts to undermine the independence of the appraisal process. A true and correct copy of that e-mail is attached to this affidavit as Exhibit F.

13. I again called Mr. Caldwell who told me the situation remained unchanged and that he had spoken to Mr. Michelson who told him that all discussions would have to be through the attorneys. At this point, I also received another e-mail from Mr. Lamb. In this e-mail, Mr.

Lamb again showed that he and his consultants would control Mr. Moore's participation in the appraisal process, again failing to acknowledge that Moore and Caldwell were participating in a joint inspection agreed to by the parties and ordered by the court. I then sent an e-mail to Mr. Lamb advising him that U.S. Fire would not be a part of a sham appraisal and would be seeking relief from the Court. True and correct copies of Mr. Lamb's e-mail and my response are attached to this affidavit as Exhibit G. I waited just under an hour after sending the e-mail that is part of Exhibit G to Mr. Lamb and then contacted Mr. Caldwell. Mr. Caldwell advised me that the situation has not changed, so I asked him to go to the office of our associate counsel, William Wetterer, to prepare an affidavit documenting the events described above.

_____
Michael L. Foran

SUBSCRIBED and SWORN TO
before me this 17th day of September, 2012.

_____
Notary Public

WENDY M JACOBSON
OFFICIAL SEAL
MY COMMISSION EXPIRES
FEBRUARY 17, 2015