# EXHIBIT E to
# Affidavit of M. Foran

**Foran, Michael L.**

| | |
|---|---|
| **From:** | eric@lambandlamb.com |
| **Sent:** | Tuesday, September 11, 2012 7:31 AM |
| **To:** | Foran, Michael L. |
| **Cc:** | Kuiken, Michael A.; Rwmmoore@aol.com; Michelson Richard; mrb@mybestapt.com |
| **Subject:** | Woods v. U.S. Fire |

I have tried to leave a message like this on your phone because I lack time to have this typed before 8:30 a.m. and have other things on my schedule today than The Woods.

It is my understanding that like all other appraisals, parties have the right to first gather and provide previously existing and newly obtained information to their appraisers. Nothing in the Court Order or insurance policy prohibits this. The appraisers were then to confirm with each other afterwards by 09/14/12.

The information previously obtained by Richard Michelson and Michael Blankenbaker needed to be provided to Richard Moore. It is not required that Richard Michelson first click all the information to me with me then to click it over to Richard Moore. I am not sure who clicked it to whom, but that was the first step and we did it.

The right to legal counsel was not waived. I advised Michael Blankenbaker that it was necessary to obtain information regarding what damage was caused by the windstorm and how much it would take to repair it including whether the entire roofs should be replaced. I advised Michael Blankenbaker about the Kentucky law regarding matching. It is not up to Richard Moore to figure out what additional information was needed according to law and the Court Order and he was not the one that did that. It is clear that Mr. Caldwell knows what additional information he needs. He is a forensic engineer who appears to be preparing his own report on causation, and that is a reason why he wants to inspect the premises.

Ordinarily, when the insurance company inspects the premises during the appraisal process or otherwise, it pays for its own ladders and the persons necessary to get the inspector onto the roof. And that is what you did in our other case. Mr. Caldwell has figured out how to convert this into a joint inspection and avoid paying for the full cost of the ladders and the people to help him get onto the roof, as was done in our other case, and plaintiffs have agreed to pay half the cost of that provided that it occurs this week, although I do not think Mr. Moore was required to agree to that. Mr. Moore does not have the right to spend the money of plaintiffs.

It is not necessary for Mr. Moore to shadow Mr. Caldwell or for Mr. Moore to deal with Mr. Caldwell stalking him in an effort to debate the repairs on a shingle by shingle basis. Because of the matching law, it is advisable to figure out everything about the roofs first and then discuss the damages and that was what was contemplated and the right to that was not waived. My major concern in this is that plaintiffs should not have to pay Mr. Moore to spend additional time with Mr. Caldwell debating the roof on a shingle by shingle basis while they are standing there.

I have thought about this last night after you emailed me near midnight.

Apparently this forensic engineer who you have designated as your appraiser, who I will suggest probably is not in any way a neutral or unbiased engineer (he works for insurance companies all the time as he advertises on his website) has developed a technique of using leading questions like a lawyer at a deposition and letters to confirm in an effort to obtain evidence to submit to the Umpire. I am leery of that.

When your appraiser wants to get you involved, he seems to find you very quickly. Plaintiffs and Mr. Moore also have the right to communicate with counsel.

If you want an extension through 10/12/12 to obtain additional estimates of repair, as has been requested, then our position is that that is agreeable, but we want the extension through 10/12/12 to apply also to obtaining any new documentation including documentation and information regarding causation. Further, we want the time of the conference between the appraisers postponed from 09/14/12 to 10/12/12.

1

You have asked whether Mr. Moore is the beard of Mr. Michelson. Mr. Moore is his own man and will have his own opinions, although he was going over there today and maybe also tomorrow for the purpose of getting the information necessary to form those opinions. Richard Moore is not a stooge of Mr. Michelson. I am the one who found Richard Moore. Mr. Moore will do what he is supposed to do.

We have discussed the role that Mr. Michelson will play in this process. Both plaintiffs and I as their counsel have the right to consult with Richard Michelson regarding the new evidence and information to be obtained.

The insured has the right to monitor the inspection by Mr. Caldwell to protect the evidence, to protect its property and to have anyone present who it wants to monitor the inspection. Mr. Michelson is not barred from attendance today, and I think he will be there at least some of the time.

**ERIC M. LAMB**
**LAMB & LAMB, PSC**
P.O. Box 34275
Louisville, KY 40232-4275
Phone: 502/451-6881
Fax: 502/451-6892