UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-41-C**

**THE WOODS APARTMENTS, LLC, et al.,**                                  **PLAINTIFFS,**

**V.**                                      **ORDER**

**UNITED STATES FIRE INSURANCE CO., et al.,**                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

Pending before the court are U.S. Fire's motion to dismiss (R.55) and the plaintiffs' motion to file a sur-reply (R.64). The motion to file a sur-reply will be denied because U.S. Fire raised no new arguments in its reply which the plaintiffs could not have addressed in an organized, concise fashion in its response. The motion to dismiss will also be denied, but a lesser sanction that includes the disqualification of Richard Moore as the plaintiffs' appraiser will be imposed.

In May 2012 the court found that the issue of the value of damage to the Woods Apartment complex caused by Hurricane Ike was subject to appraisal under the insurance policy. Richard Moore was approved as appraiser for the plaintiffs, and U.S. Fire later named Lorey Caldwell as its appraiser. In July the court accepted the parties' joint scheduling proposal that included a September 14 deadline for the appraisers to meet and jointly inspect the property. Due to

1

interference in the appraisal process by the plaintiff, the joint inspection of the property was not completed.

According to the insurance policy appraisal clause, appraisers must be "competent and impartial." In order to protect the appraisers' impartiality, the parties must not interfere with the appraisers. Appraisers shall not "represent either party to the controversy or be a partisan in the cause of either, nor is an appraiser expected to sustain the views or to further the interest of the party who may have named him." The appraisers, "having been selected to act instead of the court and in the place of the court, must, like a court, be impartial and non-partisan." *Hall v. Western Assurance Company*, 133 Ala. 637, 639-40 (1902). Although "appraisers are appointed by the parties, they are not subject to the control of the parties. . . . If appraisers were subject to the direction of the parties, the whole proceeding would become useless ceremony." *Norwich Union Fire Ins. Society v. Cohn*, 68 F.2d 42, 44 (10th Cir.1933).

In the present case, the plaintiffs improperly attempted to influence appraiser Moore's behavior, giving him instruction regarding his inspection and his interaction with the defendants' appraiser Lorey Caldwell, thereby undermining the appraisal process. Although dismissal of the case would not be justified, the plaintiffs have destroyed Moore's impartiality and he therefore must be replaced as an appraiser. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to file a sur-reply (R.64) is **DENIED**,

and U.S. Fire's motion to dismiss (R.55) is **DENIED**.

**IT IS FURTHER ORDERED** that not later than 30 days from the entry of this order, the parties **SHALL FILE** a new agreed scheduling plan that shall include a new appraiser designated by the plaintiff, with the defendants' approval.

If either party fails to proceed with the impartial appraisal process, the court will entertain a renewed motion to dismiss or a motion for a finding of waiver of the appraisal process, as appropriate.

Both appraisers **SHALL** be given a copy of this order by the parties.

Signed on December 10, 2012

Jennifer B. Coffman, Judge
United States District Court