UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00041-H

THE WOODS APARTMENTS, LLC,
MICHAEL BLANKENBAKER, and
PROFESSIONAL PROPERTY MANAGERS, LLC                       PLAINTIFFS

V.

UNITED STATES FIRE INSURANCE CO., and
CRUM & FORSTER, A FAIRFAX COMPANY                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, The Woods Apartments, LLC, Michael Blankenbaker and Professional Property Managers, LLC, bring this action for reimbursement for damages to The Woods Apartments (the "Property") caused by Hurricane Ike, which passed through Kentucky and Southern Indiana on September 13 and 14, 2008. At the time of the storm, Defendants, United States Fire Insurance Co. and Crum & Forster, provided casualty insurance (the "Policy") to Plaintiffs for the Property. Defendants concede that under the terms of the Policy, they are obligated to reimburse Plaintiffs for damage to the Property directly caused by Hurricane Ike. The parties dispute the extent of the damage Hurricane Ike inflicted and the extent of insurance coverage the Policy provides.

The matter before the Court concerns the issue of "matching", which is a process that ensures that repairs conform to a reasonably uniform appearance. The parties dispute as to what matching requires of the insuring party, and both sides have presented two reasonable definitions. First, Defendants claim that matching requires replacing only the damaged implements with new implements of comparable quality and appearance. Defendants argue that

1

under the Policy, they are not required to repair or replace undamaged portions of the Property, and therefore the first definition of matching applies. Plaintiffs, on the other hand, contend that matching requires replacing the entire area with new implements. Plaintiffs argue that Defendants are obligated to reimburse Plaintiffs for repairs made to the undamaged areas, so the undamaged area will match exactly the damaged area. If Defendants only repair the damaged parts of the premises, Plaintiffs maintain that the repaired part will not aesthetically match the existing structure and will thus result in an overall unnatural appearance.

The parties request that the Court determine which definition of matching Defendants applies here so that the parties can move forward in the appraisal process. Plaintiffs advance two arguments supporting their position that Defendants are obligated to repair the entire area. The Court will address each contention individually.

I.

Plaintiffs first argue that 806 KAR 12:095 § 9, the Kentucky Department of Insurance Regulation permitting the replacement of all items in a partially damaged area to conform to a reasonably uniform appearance, requires matching the entire area.[1] Plaintiffs maintain that Defendants must repair and replace undamaged portions of the Property's roofing and siding.

The regulation Plaintiffs cite clearly provides that "[a] violation of this administrative regulation shall be found only by the executive director. This administrative regulation shall not create or imply a private cause of action for violation of this administrative regulation." 806 KAR 12:095 § 2(3). As this Court has found "[t]he plain language of this regulation states that it neither creates nor implies a private cause of action for an alleged violation." *Brantley v. Safeco Ins. Co. of Am.*, 2012 WL 4959528 (W.D. Ky. Oct. 12, 2012); *see also Hiscox Dedicated Corp.*

---

[1] This provision provides in relevant part, "If a loss requires replacement of items and the replaced items do not reasonably match in quality, color, or size, the insurer shall replace all items in the area so as to conform to a reasonably uniform appearance." 906 KAR 12:095 § 9(b).

*Member Ltd. v. Wilson*, 246 F. Supp. 2d 684, 695 (E.D. Ky. 2003) (holding that a claim pursuant to the Kentucky Administrative Regulations is "not legally cognizable according to the language of the regulation"); *Sullivan v. Am. Intern. Group, Inc.*, 2008 WL 4056366, *6 (E.D. Ky. Aug. 27, 2008). Accordingly, Plaintiffs cannot sue under this regulation.

Moreover, the Court agrees with Defendants that 806 KAR 12:095 is an administrative regulation inapplicable to Plaintiffs' private cause of action. The regulation does not support Plaintiffs' argument that Defendants are legally obligated to repair or replace portions of the Property that were not damaged by Hurricane Ike, because the regulation imposes no such requirement to be enforced by this Court.

Plaintiffs further argue that in addition to this regulation, the Court should mandate matching according to Plaintiffs' definition, because "it is the standard of trade in Kentucky that repairs and restoration are to be done in such a manner as to obtain a reasonably uniform appearance." ECF No. 89 at 10. Plaintiffs provide no convincing proof that the standard of trade in Kentucky requires matching in the manner in which they conceive, and the Court will not impose such a burden in contravention of the clear terms of the Policy, as described below.[2]

II.

Plaintiffs next argue that under the Policy, damage to any portion of Plaintiffs' roofing or siding requires Defendants to pay to completely replace the entire roof and siding of all the Property's buildings.

Kentucky law concerning the interpretation of insurance contracts is well settled.

> Terms of insurance contracts have no technical meaning in law and are to be interpreted according to the usage of the average man and as they would be read and understood by him in the light of the prevailing rule that

---

[2] Requiring Defendants to replace portions of the Property that were undamaged from Hurricane Ike would essentially require Defendants to replace areas that were the subject of their 2007 hail damage claim. The Policy's contractual limitations period bars that claim. *See* ECF No. 39.

3

> uncertainties and ambiguities must be resolved in favor of the insured. But this rule of strict construction against an insurance company certainly does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the plain meaning and/or language in the contract. When the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced.

*Ky. Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 630 (Ky. 2005) (internal quotations omitted).

The Policy clearly and unambiguously obligates Defendants to pay the replacement cost of the portion of the roof damaged from Hurricane Ike. Defendants concede that the Policy entitles Plaintiffs to insurance coverage. The Policy's replacement coverage provision states that Defendants must pay the cost of replacing the damaged property with comparable material and quality relative to the undamaged portions. ECF No. 26-2 at 19. Essentially, if Defendants can repair the damaged area with comparable or similar material, the Policy provides that they are not obligated to replace undamaged portions. Plaintiffs have not proffered any evidence of the unavailability of comparable or similar material, such that Defendants repair only the damaged portions of the Property without affecting the aesthetic integrity of the Property.[3]

Under the plain terms of the Policy, Plaintiffs are only entitled to repair or replace those portions of the Property that Hurricane Ike damaged. Since the Policy is clear and unambiguous on its face, the Court need not delve into party intent or address Plaintiffs' reasonable expectations argument. *See True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003) (holding that the doctrine of reasonable expectations only applies to policies with ambiguous terms). Plaintiffs' interpretation, that they are entitled to replacement of the roof and siding of *all* the apartment buildings to achieve cosmetic matching, would be unduly burdensome on Defendants and would

---

[3] Defendants' Response indicates that comparable shingles and siding are presently available to repair the damaged portions of the Property, and that as recently as 2008, Plaintiffs have replaced damaged areas with like material.

essentially result in a windfall to Plaintiffs. *See Green v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1186 (Pa. 2007) ("To utilize [the plaintiff's] logic would necessitate replacing all siding when one piece of siding is damaged, or an entire door when a door knob is damaged.").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs are not entitled to recover for repair or replacement of portions of the Property that Hurricane Ike did not directly damage on September 13 and 14, 2008.

IT IS FURTHER ORDERED that in determining the value of the Plaintiffs' loss, the appraisers and umpire shall consider only damage resulting directly from Hurricane Ike and must determine the cost to repair or replace the damaged area with material of comparable kind and quality to obtain an overall reasonably uniform appearance.

The parties shall advise the Court when a further conference is necessary on when the case may be removed from the docket.

cc: Counsel of Record