THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE WOODS APARTMENTS, LLC, MICHAEL BLANKENBAKER, and PROFESSIONAL PROPERTY MANAGERS, LLC, )<br>)<br>)<br>)<br>         Plaintiffs,                                  )<br>)<br>    v.                                                       )<br>)<br>UNITED STATES FIRE INSURANCE CO., and )<br>CRUM & FORSTER, a Fairfax Company    )<br>)<br>         Defendants.                                 ) | Court No.: 3:11-cv-00041-JBC |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CLARIFY AND RECONSIDER ORDER OF 7/29/13**

Now comes Defendant, United States Fire Insurance Company (U.S. Fire), by and through its attorneys, and for its Response to Plaintiffs' Motion to Clarify and Reconsider Order of 7/29/13, states as follows:

**I.      Introduction**

18 months ago Plaintiffs sought to compel appraisal of the damage to the roofs of their apartment complex resulting from the remnants of Hurricane Ike.  In the 16 months after the court granted the relief Plaintiffs sought, ordering the matter to an appraisal of the "damage resulting directly from Hurricane Ike". (Dkt. 51, p.3), Plaintiffs have done everything they can to prevent an appraisal from going forward.  Plaintiffs' Motion to Clarify and Reconsider Order of 7/29/13 is the latest salvo in a campaign for which no end is in sight.  The court can and should put an end to this nonsense.  Plaintiffs' latest motion should be denied, and in accordance with Dkt. 98, Plaintiffs' case dismissed with prejudice or, at the very least set for trial with an order vacating the court's order requiring appraisal.

**II.     Plaintiffs' Feigned Confusion About The "Matching Issue" Does Not Justify Reconsideration of the Court's July 29, 2013 Order**

Motions for Reconsideration are disfavored and should only be granted in extraordinary circumstances, *Walker v. Conseco Services, LLC,* 252 F. Supp. 2d 524, 527 (N.D. Ohio, 2003). Essentially Plaintiffs argue that the court should reconsider its most recent order because they were confused and did not understand that the court would rule on U.S. Fire's obligation to pay for the repair of undamaged property in connection with the papers filed on the "matching issue". Plaintiffs then tell the court that if they had known such a ruling would be forthcoming they would have put forth evidence on a new and different issue, "bonding" instead of, or in addition to, matching. Left unexplained, of course, is why Plaintiffs kept this new and different bonding evidence in their back pocket while awaiting the court's July 29, 2013 ruling.

Plaintiffs' feigned confusion is nothing new, it is simply something the Plaintiffs do when confronted with a court ruling they do not like. For example, in ordering the matter to appraisal the court held that the appraisers "shall consider only damage resulting directly from Hurricane Ike. They shall not consider losses caused by the 2007 hailstorm, or as a result of wear and tear, deterioration or faulty workmanship." (See Dkt. 51). The court then ordered the appraisers to "meet and jointly inspect the property" by September 14, 2012, (Dkt. 54, adopting Dkt. 52, the Parties Joint Scheduling Proposal). Initiating their campaign to control the outcome of the appraisal (a campaign which resulted in the disqualification of Plaintiffs' second appraiser), on September 6, 2012, Plaintiffs and their counsel professed confusion about what the appraisers were planning to do at the property, (See Dkt. 55.5 and 55.6, and the e-mails and voicemails from Plaintiffs' attorney referenced therein). Of course, Plaintiffs could hardly be confused if they simply read the court's May 30, 2012 order or the scheduling proposal they submitted *jointly* to the court.

Likewise, here all the Plaintiffs needed to do was read ***their own pleadings*** and the court's order requiring the parties to submit briefs on what has been referred to as the matching issue, Dkt. 73.  The court ordered, "The parties shall file Memoranda of Law regarding whether or not defendants are required to repair or replace damages to the structures of the Woods premises caused by and brought about by Hurricane Ike on 9/13-14/08 so that any areas which are required to be repaired or replaced match any areas which were not damaged by Hurricane Ike."  (See Dkt. 73).  When Plaintiffs moved for modification of the scheduling order on the briefing, they merely referred to it as the "matching issue."  (See Dkt. 79).  At no point did Plaintiffs or the court limit the issue only to *cosmetic* matching.

Plaintiffs knew that, in addressing the "matching issue", the court would address U.S. Fire's alleged obligation to pay for the replacement of undamaged property.  That is what Plaintiffs told the court in the parties' January 10, 2013 Joint Motion to Amend Court Order Regarding Appraisal, (Dkt. 72), addressing Plaintiffs' argument that "plaintiffs are entitled to have additional repairs made to those areas of the structure not damaged by Hurricane Ike, so that they will match the areas of the structure which do not need to be repaired," (Dkt. 72, p.3).

Any residual fog of confusion should have lifted if Plaintiffs read U.S. Fire's brief submitted pursuant to the court's January 14, 2013 order (Dkt. 73).  In the prayer for relief U.S. Fire asked the court to enter an order decreeing that:

> 1) that Plaintiffs are not entitled to recover for repair or replacement of portions of the Property that were not directly damaged by Hurricane Ike on September 13 and 14, 2008;
>
> 2) that the appraisers appointed in this case (and umpire, if an umpire must be selected) determine the cost to repair or replace the Property that sustained direct physical damage from Hurricane Ike with material of comparable kind and quality. (Dkt. 88, p.6-7)

3

Plaintiffs used their opportunity to respond to U.S. Fire's brief, submitting 18 pages of argument in their Response Brief on Matching Issue, (Dkt. 93). Conspicuously absent from Plaintiffs' Response is any mention of bonding.

After extensive briefing, the court ruled again that the appraisers could only assess the value of physically damaged property. (See Order, Dkt. 94). The court held, "Under the plain terms of the Policy, Plaintiffs are only entitled to repair or replace those portions of the Property that Hurricane Ike damaged," and noted, "Plaintiffs are not entitled to recover for repair or replacement of portions of the Property that Hurricane Ike did not directly damage on September 13 and 14, 2008." (See Dkt., 94). The court further ordered as follows:

> IT IS FURTHER ORDERED that in determining the value of the Plaintiffs' loss, the appraisers and umpire shall consider only damage resulting directly from Hurricane Ike and must determine the cost to repair or replace the damaged area with material of comparable kind and quality to obtain an overall reasonably uniform appearance. (See Dkt., 94).

### III.  Plaintiffs' Motion Fails To Identify Viable Grounds for Reconsideration

Courts have inherent power to reconsider interlocutory orders before the entry of final judgment, *Mallory v. Eyrich,* 922 F. 2d 1273, 1282 (6th Cir. 1991). However, motions to reconsider are extraordinary in nature and should be discouraged, *Walker v. Conseco Services, LLC,* 252 F. Supp. 2d 524, 527 (N.D. Ohio, 2003) quoting *In re August, 1993 Regular Grand Jury,* 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). Generally, such motions are only granted when there is:

1) An intervening change of controlling law;

2) New evidence available; or

3) A need to correct clear error or prevent manifest injustice.

*Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004); *United States v. Lexington-Fayette Urban County Government,* 2008 WL 4490200 (E.D., KY, October 2, 2008).  None of these factors are present here.

No change of law is argued or even suggested.  In 16 pages, Plaintiffs cite one case and that case was decided in 2007.

To qualify as "new evidence" for purposes of a motion for reconsideration, the evidence presented must have been previously unavailable to the Plaintiffs, *American Marietta Corporation v. Essroc Cement Corporation,* 59 Fed. Appx. 668, 672 (6th Cir. 2003); *Delong v. Arms,* 251 F.R.D. 253, 257 (E.D. KY, 2008).  Plaintiffs' motion does not present any new evidence.  The so-called evidence identified in Plaintiffs' motion is in the form of another affidavit from Plaintiffs' paid consultant Michael Mayor.  Mr. Mayor and his bonding evidence have not been hiding on the moon or been otherwise unavailable to Plaintiffs.  Mr. Mayor authored a previous affidavit in support of Plaintiffs' brief, see Dkt. 89.1, filed on April 19, 2013.  In fact, in their Initial FRCP 26 Disclosures, filed on September 6, ***2011***, Plaintiffs identified Mayor as a "roofing contractor, who inspected the damage to plaintiffs' property and has knowledge of the damage to plaintiffs' property." (Dkt. 16, p.4).  In September, 2012 Plaintiffs paid Mayor to shadow their second (and subsequently disqualified) appraiser around the roofs at their property, (Dkt. 55.1, p. 4-5).  Plaintiffs provide no explanation for their complete and utter failure to even mention this purported "bonding" problem at any time prior to their Motion for Clarification or Reconsideration, the 95th pleading or order filed in this case.

Plaintiffs do not assert that the court's most recent ruling constitutes clear error.  Certainly reconsideration is not necessary to prevent manifest injustice.  Plaintiffs asked this court to order an appraisal of the dispute regarding Hurricane Ike damage.  Since the court granted the relief they sought, Plaintiffs have done everything to prevent the appraisal from

5

going forward. As discussed in U.S. Fire's Motion to Dismiss and For Sanctions, it is time for Plaintiffs to stop interfering in the appraisal process or making excuses as to why it cannot go forward. Presumably if the court considered and rejected Plaintiffs' "bonding" evidence, they would come up with some other reason why the appraisal process cannot be the simple, cost effective method for resolving this dispute that Plaintiffs told the court it would be in their Motion to Enforce Appraisal Clause, Dkt. 42.

**IV. Conclusion**

Since Plaintiffs fail to offer any basis for the court to reconsider or clarify its July 29, 2013 order, Plaintiffs Motion to Clarify and Reconsider must be denied.

Respectfully submitted,

/s/Michael L. Foran
Michael L. Foran
Brian E. Devilling
Foran Glennon Palandech Ponzi & Rudloff
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
bdevilling@fgppr.com

William S. Wetterer III
Wetterer & Clare
2933 Bowman Avenue
Louisville, Kentucky 40205
Tel: (502) 451-3030
Bill@WettererClare.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE CO.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 20th day of September, 2013 to:

Mr. Eric M. Lamb
Lamb & Lamb PSC
P.O. Box 34275
Louisville, KY 40232-4275
eric@lambandlamb.com

/s/Michael L. Foran
Michael L. Foran
Brian E. Devilling
Foran Glennon Palandech Ponzi & Rudloff
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
bdevilling@fgppr.com

William S. Wetterer III
Wetterer & Clare
2933 Bowman Avenue
Louisville, Kentucky 40205
Tel: (502) 451-3030
Bill@WettererClare.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE CO.