### 4IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE WOODS APARTMENTS, LLC, ) | Court No.: 3:11-cv-00041-JBC |
| MICHAEL BLANKENBER and ) | |
| PROFESSIONAL PROPERTY MANAGERS, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs ) | |
| ) | |
| ) | |
| UNITED STATES FIRE INSURANCE CO., and ) | |
| CRUM & FORSTER, A FAIRFAX COMPANY ) | |
| ) | |
| Defendants ) | |

### PLAINTIFFS' REPLY BRIEF REGARDING MOTION TO CLARIFY
### AND RECONSIDER ORDER OF 07/29/13

\* \* \* \* \*

Plaintiffs, by counsel, file this reply brief regarding their motion to clarify and reconsider the Order rendered by this Court on 07/29/13. The reason for the length of the pending motion and reply brief is that this is a very important issue in this case.

There is a separate motion pending filed by defendants to dismiss the case or to obtain sanctions for alleged misconduct of plaintiffs regarding the appraisal (Dkt 98). That motion shall be addressed separately in a brief which is due on 11/26/13.

Defendants cite no appraisal cases regarding the standard which they contend is dispositive of the motion to reconsider. As explained below, plaintiffs have met the standard which defendants contend is applicable to the pending

motion to reconsider or any other standard which may apply. In their response brief, defendants cite distinguishable cases regarding post judgment motions to reconsider after the parties had taken discovery and adduced all of the relevant evidence. As explained below, a different standard should apply to this motion, made during the appraisal process before all of the evidence has been developed.

There are four main points of departure regarding the pending motion of plaintiffs to reconsider the 07/29/13 Order and the issues which have been joined by defendants in their response hereto. First, defendants have contended that the evidence that plaintiffs proffered to illustrate and explain their motion to reconsider is insufficient in general and in particular to rebut allegations first made by defendant in its response brief regarding the matching issue (Dkt 93) based on an incorrect interpretation by defendants of the Donan Engineering report obtained pre-litigation on 12/22/08. In short, defendants contend incorrectly that the Donan Engineering report of 12/22/08 contains opinions that the damage caused by Hurricane Ike can be repaired without the need for cosmetic matching.

The second point of departure is that there is (arguably) an inconsistency in the 07/29/13 Order which suggests on the one hand that plaintiffs are not entitled to cosmetic matching and then indicates on the other hand that the Appraisers appointed by the parties and Umpire (if an Umpire is needed) should render an award which allows plaintiffs replacement of the area damaged by Hurricane Ike with material comparable of the kind and quality to obtain an overall "reasonably uniform appearance" (Dkt 94, last page, next to last paragraph).

The third point of departure is that defendants contend that the motion of plaintiffs to reconsider should be overruled as an additional sanction for the conduct of disqualified plaintiffs' Appraiser Richard Moore, when a sanction has already been rendered by the previous Court disqualifying Richard Moore.

The fourth point of departure is in regards to an issue regarding the potential need to replace the entire roof to achieve bonding, which issue as explained below was not discussed in the cosmetic matching brief, because the issue first surfaced when the report from plaintiffs' expert Mike Mayor was timely obtained on 08/20/13.

In this reply brief, plaintiffs address these four points of departure within the framework of the standard which defendants contend is dispositive of and applicable to a motion to reconsider.

Plaintiffs do not agree with the standard defendants contend is applicable to the motion to reconsider. It requires no citation that interlocutory Orders are non-final and that a Court has discretion to modify such Orders even when not required to do so by law. The interlocutory Order of 07/29/13 was obtained based on a unique process pursuant to which the parties had agreed to seek an advisory ruling to give guidance to the Appraisers and Umpire in the appraisal process. The advisory ruling which has been sought from the Court is better compared to a request for a jury instruction (as the Appraisers and Umpire are the Jury in this case) than to a request for a motion to reconsider filed pursuant to CR 59 or otherwise post judgment.

The Court should bear in mind that this case is in an appraisal process in which the evidence has not yet been fully developed. Plaintiffs should not be expected to have met the FRCP 59 "due diligence" standard of obtaining all evidence prior to filing the motion for guidance from the Court on the matching issue  In an appraisal process such as this, the Appraisers are to consider other evidence not yet adduced. Pursuant to the Scheduling Order entered on 03/19/13, additional documents were to be exchanged subsequent to the ruling rendered by the Court on the matching issue (e.g., meteorology reports, repair records, witness affidavits and the report of plaintiffs' expert Mike Mayor) (Dkt 81, paragraphs 3 and 6). The parties subsequently entered into an agreement off the record extending the deadline for exchanging these documents through 08/20/13 (see affidavit of Eric Lamb attached hereto as Exhibit 1).

Although plaintiffs' expert Mike Mayor inspected the property pre-litigation, that was only for the purpose of the combined damage caused by the 08/16/07 hailstorm and Hurricane Ike, not for the purpose of providing expert opinions regarding the new damage caused by Hurricane Ike (see Dkt 16 - Plaintiffs' FRCP disclosure, paragraph #18, in which it was stated that Mike Mayor inspected the **damage** to plaintiffs' property and has knowledge of the **damage** to plaintiffs' property). Plaintiffs' expert Mike Mayor had not yet completed his inspection of the property as of the time when the joint inspection of the Appraisers was suspended pending the motion of defendants to disqualify plaintiffs' Appraiser Richard Moore. A previous Scheduling Order proposed by the parties and entered by the Court on 07/06/12 (Dkt 54, page 2) provided that the expert report of Mike Mayor was not to

4

be provided until the same date (09/14/13) when the Appraisers completed their joint inspection, which did not happen as defendants first moved to disqualify Mike Mayor.

The contention of defendants that plaintiffs were required with "due diligence" to develop any more proof than they already had or proffered regarding the matching issue must be considered in that regard.

Plaintiffs contend that because of the unique nature of the request that the Court provide guidance regarding the cosmetic matching issue before all of the evidence had been generated and considered by the appraisals, a more liberal standard applies to the motion to reconsider. Nevertheless, it is the position of plaintiffs that they have met the standard which defendants contend is applicable to the motion to reconsider.

According to cases cited by defendants at the bottom of page 4 and top of page 5 of their response brief, there are three viable grounds for a motion to reconsider and interlocutory Order, the first of which is when there is an intervening change of controlling law. It is not the position of plaintiffs that there has been a change of the law since the time when the motion was made. This is why plaintiffs did not cite any cases regarding the matching issue in their motion to reconsider.

The second ground which defendants acknowledge is viable for reconsidering an interlocutory Order is when there is new evidence available. In this regard, plaintiffs did cite new evidence in support of the motion to reconsider,

being the 08/20/13 report of plaintiffs' expert Mike Mayor, which was attached to plaintiffs' motion to reconsider as Exhibit 1.

In its ruling on the motion to reconsider, the Court referenced and seems to have relied to some extent on a pre-litigation report obtained by defendants from Donan Engineering on 12/22/08. Defendants suggest incorrectly that plaintiffs had prior to the time when their briefs on the matching issue were filed on 04/19/13 (Dkt 89) and 05/15/13 (Dkt 93), the benefit of a complete and definitive report of Mike Mayor to the extent necessary to proffer proof to rebut the allegations of the 12/22/08 Donan Engineering report which defendants (incorrectly) contend contains an opinion that there are suitable materials available to remedy the damage to plaintiffs' property by Hurricane Ike without cosmetic matching.

As explained in the 08/20/13 report of plaintiffs' expert Mike Mayor (Dkt 95, exhibit 1), defendants have done something which they really should not have done in arguing in response to the motion to reconsider that the engineers from Donan have provided prima facie evidence that the damage caused by Hurricane Ike may be repaired without the need for cosmetic matching (see discussion at pages 10-12 of plaintiffs' motion to reconsider (Dkt 95) and Affidavit of plaintiffs' expert Mike Mayor attached thereto).

Donan Engineering did not during the course of 12/22/08 even purport to have evaluated the damage caused by Hurricane Ike or to have reported on whether or not cosmetic matching was necessary to repair that damage. As explained by Mike Mayor, the 12/22/08 inspection occurred after damage caused by Hurricane Ike, it was conducted with regards to the hailstorm damage of 08/16/07 and did not

6

encompass an inspection of much of the separate damage caused by Hurricane Ike. Plaintiffs should not be held to have been required to anticipate at the time they filed their briefs regarding the matching issue that defendants would contend for the first time in their reply brief regarding the matching issue (Dkt 92) that the Donan Engineering report of 12/22/08 contains opinions that the Hurricane Ike damage does not require matching. Plaintiffs do not suggest or believe that counsel for defendants were aware that the Donan engineers did not provide a report regarding this matter and in fact did not even address the matter in their report of 12/22/08.

Defendants did not mention the Donan Engineering report in their original brief regarding matching (Dkt 88). Defendants first discussed that incorrect contention in their reply brief at pages 8 and 9. Although the 12/22/08 inspection was subsequent to Hurricane Ike, it was prompted by an ongoing investigation of the hailstorm and did not include any inspection at all of the extensive damage to the siding caused by Hurricane Ike or a separate evaluation of the damage to the shingles on the top of the roofs caused by Hurricane Ike. The Court suggests at footnote three of its 07/29/13 Order that plaintiffs not controverting the evidence regarding the (incorrect) contention of defendants that the Donan engineers had offered an opinion that shingles and siding are available to repair the damaged portions of the property in a cosmetically acceptable fashion was considered important by the Court in rendering the 07/29/13 Order.

The proffer of plaintiffs in support of the motion to reconsider was a sufficient basis for the Order which plaintiffs sought. Based on citations to an

7

affidavit of Mike Mayor attached thereto, plaintiffs brought to the attention of the Court that there would be evidence that the needed repairs were of great magnitude affecting up to 50% of the building (see Dkt 89, page 3, second paragraph and Affidavit of Mike Mayor attached thereto, paragraph 7) and that the cosmetic matching was not obtainable without replacing portions of the roof which have not been damaged. The evidence proffered by plaintiffs was that without matching, plaintiffs would be left with a multicolor, speckled and unsightly building that no one would want to rent and in which defendants would prefer not to reside (see Dkt 89, page 3, affidavit of Mike Mayor attached thereto at paragraph 7 and Dkt 93, page 4). This proffer should be considered and treated as being inclusive of an opinion that materials were not and are not available to repair the damage in such a manner as to achieve a reasonably uniform appearance (i.e., cosmetic matching). This was a sufficient proffer for purposes of the interlocutory motion seeking guidance from the Court on the matching issue. The motion which was filed and considered by the Court in rendering its 07/29/13 Order should not be treated as if it was a motion for summary judgment by either of the parties.

The cases cited by defendants regarding the new evidence issue are clearly distinguishable. Walker v. Conseco Services, LLC, 252 F. Supp. 2d 524, 527 (N.D. Ohio, 2003) [motion to reconsider order denying summary judgment after all evidence was obtained, as otherwise a motion would have been made pursuant to FRCP 56(f) for more time to obtain evidence]. Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. 2004) [post judgment motion to reconsider in ERISA case]. United States v. Lexington-Fayette Urban

8

County Government, 2008 WL 4490200 (E.D., KY, October 2, 2008) [post judgment motion to reconsider attorney fee order obtain by Sierra Club]. American Marietta Corporation v. Essroc Cement Corporation, 59 Fed. Appx. 668, 672 (6th Cir. 2003) [motion to modify summary judgment after discovery was complete and all evidence should have been obtained]. Delong v. Arms, 251 F.R.D. 253, 257 (E.D. KY, 2008) [1983 case in which it was held that newly discovered evidence could not considered without meeting FRCP 59 standard]. The cases cited by defendants recognize that there are circumstances even post judgment when interlocutory Orders should be set aside.

The third ground which defendants acknowledge justify granting a motion of reconsideration even post judgment is when there is clear error or a need to prevent manifest injustice. It is submitted with respect that there is an element of injustice in an Order being rendered denying plaintiffs their right under an insurance policy to cosmetic matching based on a fact sensitive matter which was to be determined through an appraisal process in which the proof had not yet been fully developed. There is an element of injustice in the Court considering the 12/22/08 report of Donan Engineering as establishing that cosmetic matching was not needed for Hurricane Ike damage, when the Donan engineers were reporting only on the damage from the previous hailstorm of 08/16/07.

The second point of departure is that the Order rendered on 07/29/13 (Dkt 94) is inconsistent as it indicates on the one hand in the first paragraph at the bottom of page 4 that plaintiffs "are only entitled to repair or replace those portions of the property that Hurricane Ike damaged" and then states near the end of the

next to last paragraph on page 5 that plaintiffs are entitled to repair or replace the damaged areas with materials "of comparable kind and quality" to obtain an overall "reasonably uniform appearance".  If the ruling of the Court was limited to an interpretation of the insurance policy as precluding plaintiffs from replacing siding and shingles not directly damaged in the storm to achieve matching, and the footnote of the 12/22/08 Donan Engineering report was in effect dicta, the Court is asked to clarify that the footnote on page 3 regarding the Donan Engineering report is not essential to its ruling.

If the ruling of the Court is that the insurance policy strictly limits replacement to those parts of the structure which were directly damaged, plaintiffs contend that the ruling constitutes error (which is sufficient to establish the third ground which defendants acknowledge is viable for granting a motion to reconsider).  In that event, plaintiffs request that the ruling be clarified.  As explained in the briefs submitted on the matching issue, that is not the law.

Certainly, it is the position of plaintiffs that this is not the case of an insured seeking to obtain a windfall comparable to replacing an entire door when only the doorknob has been damaged.  It is the position of plaintiffs that this is better compared to a door, the structure of which was irreversibly damaged by a storm and required to be replaced in its entirety, even though the entire door was not damaged.  Plaintiffs submit that the Court has in error improperly taken over the fact finding authority which belongs only to the Appraisers and Umpire.  When a case is in appraisal, we must trust that the process will not lead to an error such as replacing an entire door unnecessarily when only a doorknob needed to be replaced

10

or in awarding cosmetic matching when it was not reasonably necessary. The Court may clarify in its ruling on the motion to reconsider that the Appraisers are to take care not to order cosmetic matching if it can reasonably be avoided through a different process.

For the reasons explained by plaintiffs' expert Mike Mayor in the affidavit relied upon by plaintiffs proffered in support of their original matching briefs (Dkt 89 and Dkt 93) and as further explained in the recently obtained 08/20/13 report of plaintiffs' expert Mike Mayor attached as an affidavit in support of the motion to reconsider, it is not possible for plaintiffs to obtain a "reasonably uniform appearance" if plaintiffs are found by the Appraisers to be correct in their contention that the damage is of such a magnitude as reported by plaintiffs' expert Mike Mayor and that plaintiffs may not obtain repairs with a "reasonably uniform appearance" without cosmetic matching.

Plaintiffs contend that upon a review of all the evidence submitted to them and their own inspection, the Appraisers and Umpire should be permitted and instructed to conclude that matching is necessary and appropriate, if justified on the facts.

The third point of departure is that defendants contend that plaintiffs should be sanctioned for a second time regarding the conduct which led to the disqualification of plaintiffs' first Appraiser, Richard Moore. The previous Court did not provide specific findings of fact regarding its basis for disqualifying plaintiffs' first Appraiser Richard Moore. Plaintiffs shall discuss the disqualification of Richard Moore as necessary and pertinent to the most recent motion of defendants to

11

dismiss or for sanctions (Dkt 98). According to the case law cited by defendants, it is not appropriate for a motion to reconsider be overruled as an additional sanction regarding a separate issue. The motion to reconsider should be decided on its own merits. The disqualification of Richard Moore issue shall be discussed further by plaintiffs in the brief they will file in response to the most recent motion of defendant for sanctions.

Similarly, the contention of defendants that the motion of plaintiffs to reconsider should be overruled because plaintiffs should be blamed for delaying the appraisal process does not come within the ambit of the standard defendants themselves contend is applicable to resolving a motion to reconsider and interlocutory Order. Plaintiffs disagree that they are culpable for any delays. The delay caused by the pending motion regarding matching has been necessitated by an agreement of the parties that it would be best to first approach the Court for a ruling on the matter (see Dkt 72). The "delay" caused by the motions which have been made while the appraisal process was suspended is not a reason why plaintiffs should be denied a ruling on the merits on their motion to reconsider.

The fourth point of departure is the bonding issue. Defendants have not proffered any proof which denies the opinion of Mike Mayor in his 08/20/13 report that the need to replace parts of the roof not directly damaged by Hurricane Ike for bonding purposes is separate and distinct from the cosmetic matching problem. The Court is not required to make a dispositive ruling on the bonding issue at this time. The Scheduling Order which was entered herein requires only a ruling on the matching issue.

The reason why bonding was not identified as an issue by counsel for plaintiffs when the briefs on matching were submitted is that it was not brought to the attention of plaintiffs' counsel until it was discussed by plaintiffs' expert Mike Mayor in his report of 08/20/13 (see discussion of bonding at Dkt 95 at page 11, paragraph 4 and the Affidavit of Mike Mayor attached thereto at page 6, paragraphs 2 and 3).

If this was a case which was being tried before a Jury or the Court, it would be the responsibility of counsel for plaintiffs to prepare expert reports, prepare the evidence and be ready to present expert proof all issues.  The bonding issue was not identified by plaintiffs or defendants in connection with the Scheduling Order and is not necessary to have been briefed at the time that the cosmetic matching issue was submitted to the Court.

After all is said and done, a ruling should be made on the motion to reconsider on the merits.  Plaintiffs should be allowed the benefit of the replacement cost insurance policy for which they paid premiums and to have the issue of matching decided by the Appraisers and Umpire, if one is appointed, based on all of the evidence including the evidence generated in the appraisal process. Fortunately, in Kentucky (the law of which has been agreed to be applicable) residents and businessmen with replacement cost policies are not be limited to repairs to the parts of the structures damaged directly by casualty.  Otherwise, there would be many unsightly residences and business structures in Kentucky insufficiently repaired following casualties.

Accordingly, plaintiffs ask that the Court enter the Order previously tendered by plaintiffs or fashion an Order similar thereto.

>
> Respectfully submitted,
>
>    /S/ ERIC M. LAMB
> ERIC M. LAMB
> LAMB & LAMB, PSC
> P.O. Box 34275
> Louisville, KY  40232-4275
> Email:  eric@lambandlamb.com
> Phone:  (502) 451-6881, ext. 11
>
> COUNSEL FOR PLAINTIFFS

**CERTIFICATE**

It is hereby certified that a copy hereof was served electronically this 22nd day of November, 2013 on the parties entitled to service.

>
>    /S/ ERIC M. LAMB
> ERIC M. LAMB

L:\Eric Lamb\Eric Lamb Client Info Sheets 1\Blankenbaker, Mike\Pleadings\Reply Brief re Motn to Reconsider.doc